[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

of the complainant, which is not satisfactorily accounted for; but the respondent has had it in his power, under the thirteenth and seventeenth rules of the supreme court, to compel a reply and a hearing of the cause, which has not been done. He now asks for a dismission, according to a rule of the English court of chancery, authorizing it, where the complainant has omitted for three terms to proceed in the cause. 2 Madd. Ch. 385. As this rule has never been acted on in this court, we should deem it a rigorous proceeding to enforce it now for the first time, and therefore enlarge it till the next term, of which notice must be served on the complainant.

---

### Case No. 3,758.
#### In re DELAVAN.
[5 Law Rep. 370.]
District Court, S. D. New York.　Aug., 1842.

BANKRUPTCY—DEBTOR'S DISCHARGE — OBJECTIONS —ADMISSION OF FICTITIOUS DEBTS — CONCEALMENT OF ASSETS—EVIDENCE.

[1. The admission of a fictitious debt against his estate will not bar the bankrupt's discharge, under the act of 1841, unless the same is admitted in proceedings under the act. Therefore, proof of an assignment of his whole estate before the passage of the act, with preference of fictitious debts, will not operate as a bar.]

[2. Putting a fictitious debt upon the schedules of the bankrupt is admitting the same, within the meaning of the act.]

[3. Declarations of a debtor, at the time of his failure, that he has means to pay all his debts, are not sufficient, by themselves, to show a fraudulent concealment of assets.]

On objections to a final discharge because the bankrupt had admitted a false and fictitious debt against his estate, THE COURT decided, that an assignment of all his estate by the bankrupt in 1839, and giving in it a preference to fictitious debts to his brother, would not bar his discharge under the bankrupt act [of 1841 (5 Stat. 440)]. The debt must be falsely admitted in proceedings under this act, to affect the bankrupt's petition for a certificate. THE COURT further decided, that putting a fictitious debt upon the schedules by the bankrupt, as just and owing by him, was admitting such debt against his estate within the mischief and meaning of the statute. That a collusive arrangement between the bankrupt and his brother in 1839, to convey to him his (the bankrupt's) estate in fraud of his creditors, not being done in contemplation of the passage of the bankrupt law, would not prevent his obtaining his discharge under the law. That in the judgment of the court the creditors had failed to prove a debt on the schedule for $3,000 to the bankrupt's brother, to be false and fictitious. THE COURT further decided, that declarations of the bankrupt at the time of his failure in 1838, and immediately thereafter to various creditors, that he had means to pay them fully, or to pay all his

debts, would not be sufficient without specific evidence of the extent of these means, or the subsequent possession of property, to prove a fraudulent concealment of his estate by the bankrupt. Decree of discharge granted.

Mr. Mitchell, for bankrupt.

Mr. Edmonds, for creditors.